IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| OMAR OBAID, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|         v. | )   1:12cv415 (JCC/JFA) |
| | ) |
| ENRIQUE LUCERO, *et al.*, | ) |
| | ) |
|     Respondents. | ) |

**M E M O R A N D U M   O P I N I O N**

The matter is before the Court on Petitioner Omar Obaid ("Petitioner")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1].  For the reasons explained below, the Court will deny the Petition.

**I.    Background**

A.   Factual Background

Petitioner is a native of Jordan.  (Pet. [Dkt. 1] ¶ 7.)  According to the Petition, he was admitted to the United States on January 25, 1999, and gained lawful permanent resident status on August 29, 1999.[1]  (*Id.*) Petitioner was convicted of obtaining a credit card by larceny in violation of Va. Code § 18.2-192 and credit card fraud in violation of Va. Code § 18.2-195 in the Rockingham

---

[1] The Notice to Appear issued by the Department of Homeland Security indicates that Petitioner was admitted into the United States on August 29, 1999, and obtained lawful permanent resident status on June 5, 2005.  (*See* Pet'r's Mem. [Dkt. 2] Ex. 1.)

1

County Circuit Court.[2] (Pet. ¶ 15.) On April 4, 2011, the circuit court entered an order sentencing Petitioner to ten years on the credit card larceny count and five years on the credit card fraud count, but suspended both sentences in their entirety. (*Id.*) Petitioner was ordered to complete two years of probation. (*Id.*)

The Petition states that on August 31, 2011, Petitioner appeared at the office of his probation officer and was taken into custody by officials with United States Immigration and Customs Enforcement ("ICE"). (Pet. ¶ 16.) ICE officials took Petitioner into custody on the basis that he was subject to removal pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). (Pet. ¶ 17.) On December 13, 2011, the immigration judge denied Petitioner's request for an individualized bond hearing, finding that he was subject to mandatory detention pursuant to INA § 236(c), 8 U.S.C. § 1226(c). (Pet. ¶ 18.)

B. Procedural Background

Petitioner filed the instant Petition on April 17, 2012. [Dkt. 1.] Petitioner seeks an individualized

---

[2] According to the Notice to Appear, Petitioner's state convictions occurred on March 28, 2011. (*See* Pet'r's Mem. Ex. 1.)

2

bond hearing and release from ICE custody.[3]  On May 21, 2012, Respondents filed a response, [Dkt. 5], which they supplemented on May 30, 2012, [Dkt. 6].

Petitioner's Petition is currently before the Court.

## II.   Analysis

A.  Statutory Violation

Petitioner first contends that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because he served no period of incarceration after his state convictions and was not detained by ICE until "more than five months after he was released from any sort of confinement at all."  (Pet. ¶ 24.)  Section 1226(c) provides, in relevant part:

> (c) Detention of criminal aliens
>
> (1) Custody
>
> The Attorney General shall take into custody any alien who --
>
> (A)   is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B)   is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

---

[3] Although the Petition asks the Court to direct Respondents to immediately release him from custody, in his supporting memorandum, Petitioner only requests that the Court order that he receive an individualized bond hearing.  (*Compare* Pet. 8 *with* Pet'r's Mem. 8.)

3

>    (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
>
>    (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
>    *when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c) (emphasis added).

Petitioner does not dispute that the offenses for which he was convicted fall within the ambit of Section 1226(c). Rather, Petitioner argues that the language "when the alien is released" limits operation of Section 1226(c) to aliens that ICE has detained immediately following their release from other custody. Because ICE did not detain Petitioner until five months after his release, Petitioner argues that Section 1226(c) does not apply.

The Fourth Circuit's recent decision in *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012), forecloses Petitioner's argument. In *Hosh*, the petitioner advanced the very same argument as that made by Petitioner here. The Fourth Circuit found the relevant language in Section

4

1226(c) ambiguous, and applying *Chevron* deference,[4] found that the Board of Immigration Appeals ("BIA")'s determination[5] that aliens are subject to mandatory detention, despite not having been detained immediately upon their release, is based on a permissible construction of the statute.  *Id.* at 380.  The Fourth Circuit further explained:

> Context assures us that the BIA permissibly construed 8 U.S.C. § 1226(c).  In enacting § 1226(c), Congress had a range of options available to it with respect to how aggressively it sought to detain criminal aliens.  If we accept that "when . . . released" means "at the moment of release," then we must conclude that Congress intended to take an aggressive stance against criminal aliens, *i.e.*, Congress wanted federal authorities to detain criminal aliens *immediately* upon their release from other custody.  We cannot, however, take another step and find that, if the criminal alien was not immediately detained after release due to an administrative oversight or any other reason, then Congress's clear intent was to have that criminal alien no longer be subject to the mandatory detention provision of § 1226(c).  With this in mind, we conclude that it is far from plain, and indeed unlikely, that "when . . . released" means "at the moment of release, *and not later*."  While that conclusion is possible, we think that it is strained.

*Id.* (emphases in original).

Given the Fourth Circuit's conclusion in *Hosh*, Petitioner's argument fails.  Petitioner is subject to

---

[4] *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).
[5] *See In re Rojas*, 23 I. & N. Dec. 117 (BIA 2001).

mandatory detention under Section 1226(c), notwithstanding the fact that he was not immediately detained by ICE.

    B.   <u>Due Process Violations</u>

Petitioner also argues that his continued detention without an individualized bond hearing violates his constitutional rights to due process.  Given the Court's conclusion that Petitioner is subject to mandatory detention pursuant to Section 1226(c), this argument fails. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) (holding that mandatory detention prior to the entry of a final order of removal under Section 1226(c) does not violate protections guaranteed under the Constitution).

### III.  Conclusion

For the reasons explained above, this Court will deny the Petition.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| August 8, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |